### BESSIE M. MASON *vs.* HERBERT J. MASON.

JUNE 4, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This case comes before the court upon the respondent's exceptions to the decision of a justice of the Superior Court granting the petitioner an absolute divorce on the ground of extreme cruelty, giving her the custody of

their five minor children and awarding alimony. The exceptions are that the decision is contrary to the law and the evidence and the weight thereof.

The testimony shows that after filing her petition for divorce March 6, 1923, the parties met by accident May 30, 1923, and became reconciled and resumed marital cohabitation. The reconciliation lasted only a few hours. The petitioner testified that as they were about to separate for the night the respondent used such abusive language to her that she decided that she would have nothing further to do with him, and that she would press her petition for divorce. June 11, 1923, the respondent wrote a letter to his wife which was vulgar, abusive and insulting. He sent a similar letter to her in the following November.

The trial justice found that the preponderance of the testimony proved that the respondent had treated the petitioner with extreme cruelty, and there is sufficient testimony in the record to justify this finding.

The respondent claims that the petitioner condoned all past offences by the resumption of marital relations May 30, 1923, and that his treatment of her since then has not caused the forfeiture of the defence of condonation.

The trial justice found that the respondent did not have a *bona fide* intent to treat his wife with such conjugal kindness in the future as to give her no just cause for complaint. This finding is supported by the language he used towards her when they separated that night and the two letters he subsequently wrote to her. A previous petition for divorce by her had been discontinued upon a reconciliation and she continued to live with him until March, 1923, when she left him on account of his cruelty and filed the present petition. The respondent denied that he used improper language to his wife on the night of May 30th. The conflicting testimony raised a question of fact which was decided by the trial justice in favor of the petitioner. He had the advantage of seeing the parties, noting their demeanor on the witness stand and their manner of testifying. We have

duly considered the testimony and the findings of the trial justice, and as his findings do not appear to be clearly wrong, the objection thereto is not sustained. *Warren* v. *Warren,* 33 R. I. 71.

Condonation is conditional forgiveness and it is forfeited by further misconduct, and in cases of cruelty treatment much less cruel than would be necessary to be a good ground for divorce will suffice to avoid the defence of condonation. *Grant* v. *Grant,* 44 R. I. 169, 173.

The respondent forfeited his right to avail himself of the defence of condonation by his subsequent misconduct, and the petitioner was not barred from obtaining a divorce by reason of any evidence on which he based his claim of condonation. *Egidi* v. *Egidi,* 37 R. I. 481.

All of the respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Fitzgerald & Higgins, Edward T. Hogan,* for petitioner.

*Flynn & Mahoney,* for respondent.